**COUNCIL OF UNIT OWNERS OF the WISP CONDOMINIUM, INC.**

**v.**

**RECREATIONAL INDUSTRIES, INC.**

Civ. No. S 92–394.

United States District Court, D. Maryland.

July 2, 1992.

Thomas M. Trezise, Joel D. Newport, Semmes, Bowen & Semmes, Towson, Md., Harry M. Rifkin, Semmes, Bowen & Semmes, Baltimore, Md., for plaintiff.

Neil J. Ruther, Baltimore, Md., for defendant.

## MEMORANDUM OPINION

SMALKIN, District Judge.

The plaintiff in this antitrust case has filed a Motion for Preliminary and Permanent Injunction asserting that the defendant is about to compete with it in the marketing of hotel reservations and rooms in the Wisp Condominium (also referred to as the Wisp Resort Hotel, hereinafter "the Hotel"), in violation of the organic documents under which the Hotel operates. The issues presented in the plaintiff's motion do not require an oral hearing, *see* Local Rule 105.6 (D.Md.), and the Motion will be summarily *denied*, for reasons set forth below.

*Facts*

The historical facts underlying the present motion are as follows. Recreational Industries, Inc. ("Recreational Industries"), the defendant, is a pioneer of the ski industry in Western Maryland (which spills over to the adjacent mountainous areas of Pennsylvania and West Virginia), having developed the Wisp ski resort in 1956. In 1965, a hotel was built at the base of the ski area, which, in 1985, was swept up in a joint venture (of which Recreational Industries is the remaining venturer) to establish a condominium/hotel project. Of some 169 project units available to the public, only approximately 100 units have been sold, the owners' group of which, the Council of Unit Owners of the Wisp Condominium, Inc., is the plaintiff in the present suit. Defendant Recreational Industries has retained 38 of the unsold units at the Wisp Condominium, and HMH Corporation, its affiliated enterprise, controls one unit.

Plaintiff Council was established pursuant to a Condominium Declaration ("Declaration"), and, through its Board of Directors, it employs a management company, currently Richfield Hotel Management, Inc., to operate the Hotel and to market reservation and room rental services. To that end, the plaintiff alleges that it has entered into rental pool agreements with each of the individual unit owners, including the defendant herein, and has operated as the exclusive rental and reservation agent for all units in the Hotel. Plaintiff contends that it received notice on June 1, 1991, from Recreational Industries, informing plaintiff that Recreational Industries intended to withdraw from the rental pool and independently to market and operate the units it owns within the Hotel. Plaintiff alleges that this notice was defective and, furthermore, that Recreational Industries' proposed activities will result in the operation of a separately marketed hotel within the Wisp Condominium complex in violation of certain terms of the Condominium Declaration, (specifically paras. 11a

and b), its By–Laws (Article V), and its Rules and Regulations (#s 1, 2, 19, and 36), which, as interpreted by the plaintiff, prohibit the use of any condominium unit for non-residential purposes except as managed by the plaintiff.

*Discussion*

■ Plaintiff now moves this Court to issue a preliminary and permanent injunction barring Recreational Industries from competing with plaintiff by renting the units it has retained at the Wisp Condominium under a separate reservation and marketing program.

It is obvious that the plaintiff's request for injunctive relief does not raise any federal claim, *see* 28 U.S.C. § 1331, and that there is no diversity of citizenship to give this Court jurisdiction pursuant to 28 U.S.C. § 1332. Thus, the Court has jurisdiction over the claim for injunctive relief only under the concept of what used to be called "pendent jurisdiction," but which is now codified as "supplemental jurisdiction" in 28 U.S.C. § 1367 (West Supp.1992).

Section 1367(a) provides that in civil actions where the federal courts have original jurisdiction:

> the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action ... that they form part of the same case or controversy under Article III of the United States Constitution.

In examining this Court's jurisdiction pursuant to § 1367(a), the initial inquiry is whether plaintiff's claim for injunctive relief is "so related to" claims over which this Court has original jurisdiction that it forms part of the same case or controversy under Article III of the Constitution. The test for determining whether plaintiff's present motion constitutes the "same case or controversy" as its antitrust action has been articulated by the Supreme Court in *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Under the *Gibbs* analysis of the doctrine of pendent jurisdiction, claims are part of the same case or controversy if they "derive from a common nucleus of operative fact" and "are such that ... [they] would ordi-

narily be expected to ... [be tried] in one judicial proceeding...." *Id.* at 725, 86 S.Ct. at 1138.

■ Plaintiff's current motion does not satisfy the *Gibbs* two-part test. Not every dispute that arises between parties litigating a federal claim constitutes a part of the same Article III case, and the present dispute exemplifies those that do not. In this suit, the plaintiff's federal complaint is that the defendant has violated federal antitrust law. Specifically, the plaintiff has alleged that the defendant has engaged in restraint of trade as the result of a non-compete covenant (Count One), an illegal tying arrangement involving, *inter alia,* restaurant, banquet, catering and propane fuel services at the Hotel (Count Two), and an illegal monopolization of the above services at the Hotel (Count Three).

Although part of an ongoing, bitter dispute between plaintiff and defendant regarding the operation of the Wisp Resort Hotel, the present claim does not arise from the same "operative facts" as the antitrust case, nor would it ordinarily be tried together with the plaintiff's antitrust claims. *See Carnegie Mellon Univ. v. Cohill,* 484 U.S. 343, 349, 108 S.Ct. 614, 618, 98 L.Ed.2d 720 (1988). Each of the plaintiff's federal claims contains allegations that the defendant has engaged in anticompetitive conduct, primarily by not providing the plaintiff with the amenities it desires to furnish the guests booked into the rooms its members own. The claim *now* asserted in plaintiff's motion for equitable relief is that the defendant is engaged in conduct that fosters competition in the marketplace, albeit—according to the plaintiff—in violation of state law (*viz.,* the private law embodied in the parties' contract, which is enforceable only under state law). Although this claim is part of an ongoing, nasty dispute between the parties, this Court does not think it is part of the same Article III case or controversy such that the claims would ordinarily be tried together. The defendant's alleged present attempts to compete with the plaintiff are simply not "so related to" the plaintiff's allegations of *anti-competitive* activity at

the Wisp Condominium site as to satisfy § 1367(a), and this Court does not have the supplemental jurisdiction to entertain its motion for injunctive relief.

■ Even if the plaintiff's claim for injunctive relief were properly before the Court under § 1367(a), the Court, in the exercise of its discretion under *Gibbs, supra,* would decline to exercise jurisdiction over it, because it would come to predominate over those federal antitrust claims upon which this Court's jurisdiction rests. *See* 28 U.S.C. § 1367(c). The *Gibbs* court's emphasis on the discretionary nature of a federal court's power to hear pendent state law claims has been preserved in § 1367(c)(2), which provides that:

(c) The district court may decline to exercise supplemental jurisdiction over a claim … (if)— …

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction.

As discussed *ante,* the actions complained of in the plaintiff's motion are governed by state law. Indeed, it appears that plaintiff now seeks an injunction against the very activity—competition—that it seeks to achieve in the antitrust counts of its complaint. Entertaining the present motion would simply add to the already numerous state law claims which this Court has been asked to resolve in the complaint, thus substantially overshadowing plaintiff's federal antitrust claims.

■ Further, in the Court's preliminary view, plaintiff's federal claims are rather tenuous and were asserted primarily to open up a federal forum for the parties' wrangling over who will control the Hotel. (Indeed, the plaintiff's complaint states an additional twelve counts, all of which—like the present motion—are based upon state law and appear to form the core of what is essentially a contract dispute between the parties, and which may yet be dismissed in the exercise of the Court's *Gibbs* discretion.) As the *Gibbs* court noted, a federal district court need not tolerate attempts by a litigant to litigate an essentially state law case in the federal forum. 383 U.S. at 727, 86 S.Ct. at 1139. This case thus represents an exceptional circumstance where sound and compelling reasons exist under 28 U.S.C. § 1367(c)(4) to decline jurisdiction over the plaintiff's present claim for equitable relief.

■ Finally, even if this Court were to accept jurisdiction over the plaintiff's claim, it would, in the exercise of its equitable discretion, flatly refuse to enjoin the defendant's contemplated activities. In its motion and the supporting memorandum, affidavits, and exhibits, plaintiff has failed to show present irreparable injury that outweighs the harm to the defendant's competitive business efforts that would come from issuance of a decree. Given that balance of hardships, there is no clear and convincing evidence that the plaintiff's claims have sufficient legal merit under this Court's reading of the Wisp Condominium organic papers to justify the issuance of a preliminary injunction. *See Direx Israel, Ltd v. Breakthrough Medical Corp.,* 952 F.2d 802 (4th Cir.1991).

For all the reasons stated above, an Order will be entered herewith, summarily *denying* the plaintiff's Motion for Preliminary and Permanent Injunction.

### ORDER

For the reasons stated in the foregoing Memorandum Opinion entered herewith this date, IT IS, this 2nd day of July, 1992, by the Court, ORDERED:

That the plaintiff's Motion for Preliminary and Permanent Injunction BE, and it hereby IS, summarily DENIED.