**Hanley C. CLARK, Plaintiff,**

v.

**Arthur W. MILAM, et al., Defendants.**

**Civ. A. No. 2:92–0935.**

United States District Court,
S.D. West Virginia,
Charleston Division.

Feb. 12, 1993.

Rudolph L. DiTrapano, Debra L. Hamilton, Joshua I. Barrett, DiTrapano & Jackson, Charleston, WV, Ellen G. Robinson, C. Philip Curley, Mary Cannon Veed, Robinson Curley & Clayton, P.C., Chicago, IL, for plaintiff.

John E. Jenkins, Jr., Jenkins, Fenstermaker, Krieger, Kayes & Farrell, Huntington, WV, for Arthur W. Milam, Mahoney, Adams & Criser, P.A.

John H. Wilbur, pro se.

Walter C. Walden, pro se.

Dudley D. Allen, pro se.

Frank E. Clark, Jr., pro se.

Michael J. Davoli, pro se.

Rebecca A. Betts, Robert B. King, King, Betts & Allen, Charleston, WV, Paul J. Bschorr, White & Case, New York City, for John J. McAvoy and Carolyn B. Lamm.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are the following motions: (1) Plaintiff's motion to remand; (2) Defendants McAvoy and Lamm's motion to dismiss for lack of personal jurisdiction; (3) Defendants Milam and Mahoney, Adams,

and Criser P.A.'s motions to dismiss for lack of personal jurisdiction, insufficiency of service of process, failure to state a claim, and for change of venue; (4) Defendants Allen, Wilbur, Davoli, and Clark's motions to dismiss for lack of personal jurisdiction or in the alternative for change of venue; and (5) Defendant Walden's motion to dismiss for lack of personal jurisdiction, insufficiency of service of process, and failure to state a claim. For reasons which follow, these motions are DENIED.

The facts of this case were adequately set forth in the parties submissions and oral argument. Defendants removed this case asserting the presence of federal question and diversity jurisdiction. Plaintiff asserts the appropriateness of abstention, the necessity of statutory remand via § 1441(c), and an absence of diversity.

## I. MOTION TO REMAND

■ Plaintiff asserts abstention is appropriate under both *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) and *Colorado River Water Conserv. Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Abstention is an "extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 14, 103 S.Ct. 927, 936, 74 L.Ed.2d 765 (1983) (quoting *Colorado River,* 424 U.S. at 813, 96 S.Ct. at 1244). Abstention is employed only in "exceptional circumstances." *Id.; see Gordon v. Luksch,* 887 F.2d 496, 497 (4th Cir.1989). Federal courts have a "virtually unflagging obligation" to hear cases within federal jurisdiction. *Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246.

■ The Court first addresses *Colorado River* abstention. *Colorado River* abstention is appropriate only where "parallel duplicative" state proceedings exist. *McLaughlin v. United Virginia Bank,* 955 F.2d 930, 935 (4th Cir.1992). Parallel suits exist where "substantially the same parties litigate substantially the same issues in different forums." *Id.* (citation omitted). Certain actions may encompass a similarity of claims and common events and not be totally duplicative. *Id.; Transdulles Center Inc. v. USX Corp.,* 976 F.2d 219, 224 (4th Cir.1992) (stating "Although there is a concurrent state court proceeding that arises out of and involves the same underlying set of operative facts as does this suit, it does not duplicate it").

■ Plaintiff asserts the state liquidation proceeding is parallel to the instant case. However, the instant case is separate and independent of the liquidation proceeding. The Plaintiff fails to rebut effectively Defendants' assertion that the parties and issues in this case differ from those in the liquidation proceeding. Accordingly, the Court concludes *Colorado River* abstention is inappropriate.

■ *New Orleans Pub. Serv., Inc. v. New Orleans,* 491 U.S. 350, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989) (hereinafter "*NOPSI*") is widely recognized as having reformulated *Burford* abstention. *See, e.g., USX Corp.,* 976 F.2d at 224. The Court in *NOPSI* held abstention appropriate

1. Where difficult questions of state law bear on policy problems of substantial public import and whose importance transcends the result in the case at bar; or

2. Where federal court review would be disruptive of state efforts to establish a coherent policy for a matter of substantial public concern.

*NOPSI,* 491 U.S. at 361, 109 S.Ct. at 2514 (citation omitted).

Four factors should guide the court in determining the propriety of *Burford* abstention:

1. Whether the suit is based upon an exclusively federal cause of action;

2. Whether the suit requires resolution of issues directly relevant to the liquidation proceeding or state policy in the regulation of the insurance industry;

3. Whether state procedures indicate a desire to create special state forums to regulate and adjudicate these issues; and

4. Whether difficult or unusual state laws are at issue.

*Grimes v. Crown Life Ins. Co.,* 857 F.2d 699, 704–05 (10th Cir.1988).

■ As to the first factor, although federal courts have concurrent jurisdiction over civil RICO causes of action, *Tafflin v. Levitt,* 493 U.S. 455, 467, 110 S.Ct. 792, 800, 107 L.Ed.2d 887 (1990), the remaining factors weigh heavily in favor of exercising federal jurisdiction. For instance, neither oral argument nor the parties' submissions demonstrated that difficult or unusual state laws are at issue. Further, while exclusive jurisdiction over the *delinquency* proceeding is vested in the state circuit court, Plaintiff cited no authority suggesting that *any* legal proceeding involving the insurer must remain in the state court. A reading of the complaint and information adduced at argument reveals this suit is basically a civil RICO action. The Court may be called upon to interpret some insurance regulations in adjudicating this case. Such interpretation as may be required does not appear to implicate or violate traditional notions of federalism. The core of

the complaint involves issues with which federal courts routinely deal. For these reasons, and others more fully spread upon the record, the Court concludes that abstention is inappropriate.[1]

■ As to the statutory grounds for remand, the Court must first address whether it has supplemental jurisdiction over Plaintiff's common-law claims under 28 U.S.C. § 1367(a).[2] Supplemental jurisdiction over claims and parties is appropriate where the federal and state claims "derive from a common nucleus of operative fact." *U.M.W.A. v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

■ Plaintiff admits the RICO and common-law claims are "inextricably intertwined." Pl.'s Mot. to Remand at 7. Plaintiff further states "We cannot presently conceive of a single fact relevant to proof of the RICO violations that is not also relevant to proof of the common law violations." *Id.* at 9. It is difficult to imagine a more appropriate case for exercise of this Court's supplemental jurisdiction.[3] Accord-

---

1. Plaintiff cites certain cases to the contrary. All of these cases are either distinguishable or non-binding.

   Plaintiff relies heavily on this Court's Order in *Cordial v. Shearson Lehman Bros., Inc.,* No. 2:92–0157 (July 23, 1992). In that abbreviated Order, this Court reserved the right to modify its decision. Further, the Court distinguished *Cordial* from the instant case at oral argument. *See* Tr. of Mot. H'rg at 47–48.

   Plaintiff cites *Brandenburg v. Seidel,* 859 F.2d 1179 (4th Cir.1988). This case is distinguishable in many respects. For instance, the plaintiffs were asserting claims which the Maryland liquidator was already pursuing in state court. *Id.* at 1183. Further, Maryland had established a special state court which had "exclusive and plenary jurisdiction over all claims, actions, and proceedings that [were] brought by any person and that [were] related to the assets" of the liquidating institution. *Id.* at 1182. The parties have not directed the Court to any analogous West Virginia insurance statutes. *Brandenburg* also preceded *NOPSI's* reformulation of *Burford* abstention.

   Plaintiff also relies on *Corcoran v. Ardra Ins. Co., Ltd.,* 842 F.2d 31 (2d Cir.1988) and *Grimes v. Crown Life Ins. Co.,* 857 F.2d 699 (10th Cir. 1988), *cert. denied,* 489 U.S. 1096, 109 S.Ct. 1568, 103 L.Ed.2d 934 (1989). These decisions are not binding on the Court. Further, *Grimes* has been criticized for its overly broad interpretation of

*Burford* abstention. *See, e.g., Melahn v. Pennock Ins., Inc.,* 965 F.2d 1497, 1507 (8th Cir. 1992).

2. This statute permits the Court to hear otherwise nonremovable claims. 28 U.S.C. § 1367(a). Supplemental jurisdiction codifies what was commonly known as the doctrine of pendent jurisdiction. *Council of Unit Owners v. Recreational Indus., Inc.,* 793 F.Supp. 120, 122 (D.Md.1992). Section 1367(a) may even extend the boundaries of that doctrine. *Whalen v. Carter,* 954 F.2d 1087, 1097 n. 10 (5th Cir.1992).

3. Plaintiff's reliance on 28 U.S.C. § 1441(c) is misplaced. Section 1441(c) is relevant only when a "separate and independent" federal question claim is joined with one or more otherwise nonremovable claims. 28 U.S.C. § 1441(c). No separate and independent claim or cause of action exists when "there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions." *American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951). *But see Holland v. World Omni Leasing, Inc.,* 764 F.Supp. 1442 (N.D.Ala.1991).

   The interlocking transactions alleged by Plaintiff are the looting of GW Life by its officers and directors and the facilitation of looting by the attorney Defendants. *See, e.g.,* Tr. of

ingly, the Court concludes that it has jurisdiction over Plaintiff's state common-law claims, and the parties named therein, pursuant to § 1367.[4]

However, the analysis does not end here. Section 1367(c) provides a district court may decline supplemental jurisdiction if

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Only subsections (1) and (2) are arguably relevant here. As to subsection (1), no novel or complex state law is at issue. Again, while the interpretation of some insurance regulations may be necessary, this interpretation does not presently appear to rise to a level justifying remand under subsection (1).

▮ As to subsection (2), the question is a "value judgment" for the court. *Moore v. DeBiase,* 766 F.Supp. 1311, 1319 (D.N.J. 1991); *Martin v. Drummond Coal Co., Inc.,* 756 F.Supp. 524, 527 (N.D.Ala.1991). The question comes down to "whether the state law claims are more complex or require more judicial resources to adjudicate or are more salient in the case as a whole than the federal law claims." *Moore,* 766 F.Supp. at 1319. This is a *qualitative* rather than *quantitative* inquiry. *Id.* at n. 15.

Again, the two RICO counts are at the heart of Plaintiff's complaint. They also appear to be the most complex. The Court is cognizant that not all Defendants are named in these counts. It is also aware that there are only two RICO claims in the seven-count complaint. While these quantitative considerations factor into the analysis, they do not change the conclusion. Remand via § 1367(c)(2) is inappropriate.[5]

For the reasons set out above, the Court DENIES Plaintiff's motion to remand.[6]

## II. MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENCY OF SERVICE OF PROCESS

▮ The Court may order discovery on jurisdictional issues. *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 n. 13, 98 S.Ct. 2380, 2389 n. 13, 57 L.Ed.2d 253 (1978). The Court concludes additional discovery is necessary to resolve the jurisdictional issues raised in Defendants' motions. Accordingly, Defendants' motions for lack of personal jurisdiction and insufficiency of service of process are hereby DENIED without prejudice.[7] It is ORDERED that

---

Mot. Hr'g at 4. The single wrong is the resulting damage to GW Life. *See, e.g., Id.* This demonstrates that no "separate and independent" claim or cause of action exists. Accordingly, remand via § 1441(c) is inappropriate. *See Texas Hosp. Ass'n v. Nat. Heritage Ins. Co.,* 802 F.Supp. 1507, 1510 (W.D.Tex.1992) .(citing cases); *see also Administaff, Inc. v. Kaster,* 799 F.Supp. 685, 687 (W.D.Tex.1992) (stating "Section 1441(c) was intended to allow a district court to hear or remand cases involving 'separate and independent' claims or causes of action that are otherwise nonremovable *and* which have *not* been found to be pendent to the Plaintiff's federal claims") (emphasis in original) (citing *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 355 n. 11, 108 S.Ct. 614, 621 n. 11, 98 L.Ed.2d 720 (1988)).

4. The doctrine of pendent-party jurisdiction was rejected in *Finley v. United States,* 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989). Courts and commentators agree that § 1367(a) overrules *Finley. See, e.g., Alexander by Alexander v.*

*Goldome Credit Corp.,* 772 F.Supp. 1217, 1221 n. 8; David D. Siegel, *Practice Commentary* (located in 1992 Cumulative Annual Pocket Part of 28 U.S.C.A. §§ 1346–1390).

5. The Court of Appeals for the Fourth Circuit suggested in an opinion released just a few days ago that the predomination inquiry is coextensive with *Burford* abstention analysis. *White v. County of Newberry,* 985 F.2d 168, at 172 (4th Cir.1993). The Court has concluded that *Burford* abstention is inappropriate in a previous section of this opinion.

6. Because the Court concludes it has federal question and pendent jurisdiction, it does not address the issue of diversity jurisdiction.

7. Defendants Walden and Milam moved for dismissal based on Plaintiff's failure to state a claim upon which relief can be granted. While Defendants attached a memoranda in support of these motions, the memoranda did not address

discovery shall proceed in accordance with the companion Order entered this same day.

## III. MOTIONS FOR CHANGE OF VENUE

Title 28 U.S.C. § 1404(a) provides as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).

A decision to transfer venue is committed to the sound discretion of the trial court. *Southern Ry. Co. v. Madden*, 235 F.2d 198, 201 (4th Cir.), *cert. denied*, 352 U.S. 953 (1956); *Uniprop Mfd. Housing Commun. Income Fund v. Home Owners Funding Corp. of Am.*, 753 F.Supp. 1315, 1322 (W.D.N.C.1990).

■ The factors considered in ruling on a transfer motion include: (1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the interest in having local controversies decided at home; and (6) the interests of justice. *Verosol B.V. v. Hunter Douglas, Inc.*, 806 F.Supp. 582, 592 (E.D.Va.1992); *see Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

■ The movant, most often the defendant, bears the burden of showing the propriety of transfer. *Verosol B.V.*, 806 F.Supp. at 592; *Uniprop*, 753 F.Supp. at 1322. The plaintiff's choice of forum is accorded considerable weight. *Gulf Oil*, 330 U.S. at 508, 67 S.Ct. at 843; *Verosol B.V.*, 806 F.Supp. at 592; *Uniprop*, 753 F.Supp. at 1322. Further, a transfer mo-

tion will be denied if it "would merely shift the inconvenience from the defendant to the plaintiff." *Van Dusen v. Barrack*, 376 U.S. 612, 645–46, 84 S.Ct. 805, 824, 11 L.Ed.2d 945 (1964); *Uniprop*, 753 F.Supp. at 1322.

■ Regarding ease of access to sources of proof, relevant company documents will be of great importance. These documents have apparently been moved to West Virginia. Regarding the convenience of parties and witnesses, the Plaintiff and other regulators Defendants dealt with will be integral to Plaintiff's case-in-chief. They too appear to be located in West Virginia. A transfer would require these individuals to travel to Florida *and* move the records of the company once again. The Court declines to "shift the inconvenience from the defendant to the plaintiff." The Court also accords great weight to the Plaintiff's choice of forum.

After full consideration of the parties' submissions and the remaining factors, the Court concludes that Defendants have failed to meet their burden to support transfer. Accordingly, Defendants Milam, Allen, Wilbur, Davoli, and Clark's motions to change venue are hereby DENIED.[8]

---

Plaintiff's failure to state a claim. Accordingly, Defendants Walden and Milam's motions to dismiss for failure to state a claim are hereby DENIED without prejudice for failure to comply with Local Rule 2.03.

**8.** The Defendants motions also seemingly challenge venue under 18 U.S.C. § 1965, a RICO

provision. While the Court questions the viability of this argument, Defendants failed to fully brief the issue. Accordingly, the Court does not address this matter. Defendants' motions relating to this issue are hereby DENIED without prejudice for failure to comply with Local Rule 2.03.