AETNA LIFE INSURANCE
CO., Plaintiff,

v.

Shirley Lee LAYTON, et al., Defendants.

Civ. A. No. 2:93–0043.

United States District Court,
S.D. West Virginia,
Charleston Division.

Nov. 1, 1993.

R. Ford Francis, Shuman, Annand & Poe, Charleston, WV, for plaintiff.

Nicholas W. Johnson, Edward G. Atkins, Patrick H. Sreenan, Clifford F. Kinney, Jr., Hunt & Barber, Charleston, WV, for defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Defendant Dorothy K. White's motion to dismiss or stay the proceedings in this action. Plaintiff Aetna Life Insurance Company brought this action pursuant to the provisions of 28 U.S.C. § 1335 to resolve competing claims for benefits under two life insurance policies it issued to Everett J. White. At issue are Policy No. 386910, pay-

able in the amount of $32,500, and Policy No. 608602, payable in the amount of $50,000. In accordance with the requirements of 28 U.S.C. § 1335, Aetna deposited the amount of the policies into the registry of this Court; the Court then discharged Aetna as a party to this action, and absolved the company of further liability under these policies.

## I.

Everett J. White married Patsy Pomeroy on April 18, 1962. The two ceased cohabitation in 1964, but apparently failed to obtain a legal divorce. On January 25, 1986, Everett J. White, still legally married to Patsy Pomeroy, married Dorothy K. White. On February 13, 1986, Everett J. White named Dorothy K. White beneficiary of life insurance policy number 386910, and on January 9, 1989, he named her beneficiary as well of policy number 608602. On April 23, 1990, Everett J. White obtained a decree of divorce from Patsy Pomeroy. On February 18, 1992, he changed the beneficiaries of his life insurance policies to Patsy Pomeroy (No. 386910) and Rhonal White and Nolan White (No. 608602), his grandchildren. On February 25, 1992, Everett J. White obtained a decree of divorce from Dorothy K. White; the Illinois court that issued the divorce order bifurcated the divorce proceeding, and delayed property disposition until a later date. On May 27, 1992, Everett J. White again changed the beneficiary of his life insurance policies, this time naming his sister Shirley Layton beneficiary of both policies.

On July 25, 1992, Everett J. White died. Pomeroy, Rhonal White, Nolan White, Dorothy K. White, and Shirley Layton all claim to be the lawful beneficiaries of the two life insurance policies. Aetna brought this action in interpleader to resolve the competing claims.

Defendant Dorothy K. White alleges the Court should dismiss or stay this action pending decision in the property disposition portion of the bifurcated Illinois divorce proceeding. Dorothy K. White contends here the Illinois court retained jurisdiction over the marital property which, she alleges, included the two life insurance policies at issue here. The remaining claimants oppose Dorothy K. White's motion.[1] For reasons which follow, the Court **DENIES** the motion.

## II.

Defendant Dorothy K. White argues this Court should stay or dismiss this action because the Illinois court retains jurisdiction over the marital property of Dorothy K. White and Everett J. White, and because the "first-filed rule" dictates federal courts lack jurisdiction to entertain interpleader actions where resolution of a state law question could decide the matter or destroy federal jurisdiction.

■ Much of Defendant's motion appears based on a faulty interpretation of the distinction between statutory interpleader and rule interpleader. This action is brought pursuant to the provisions of 28 U.S.C. § 1335. To establish jurisdiction under the statute, two or more of the adverse claimants to a contested fund must be "of diverse citizenship as defined in section 1332 of this title." 28 U.S.C. § 1335(a)(1); *see also Morango Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1381 (9th Cir.1988).[2] For purposes of statutory interpleader, the citizenship of the plain-

1. Defendants Patsy Pomeroy and Jackie Lynn Kidd, as legal guardian and/or next friend of Rhonal I. White and Nolan L. White, have filed a motion requesting 30 days to file an additional response to Defendant Dorothy K. White's motion. The Court's resolution of Dorothy K. White's motion renders the motion to file an additional response moot. Accordingly, the Court **DENIES** the motion.

2. Defendant Dorothy K. White erroneously cites *Nevada Eighty–Eight v. Title Ins. Co.*, 753 F.Supp. 1516 (D.Nev.1990), in support of the contention complete diversity is required among claimants in a statutory interpleader action. The statute, and the case, state precisely the opposite: "[F]ederal statutory interpleader departs from the normal requirement that there be complete diversity among adverse parties. [Citation omitted]. Under [*State Farm Fire & Casualty Company v. Tashire*, 386 U.S. 523, 530, 87 S.Ct. 1199, 1203, 18 L.Ed.2d 270 (1967)], as long as one claimant is diverse from one other claimant, it does not matter that some claimants are non-diverse as to the others." *Nevada Eighty–Eight*, 753 F.Supp. at 1528; *see also* 28 U.S.C. § 1335(a)(1).

tiff-stakeholder is irrelevant. Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1710 (1986) ("Wright and Miller"). The jurisdictional amount required in a statutory interpleader action is only $500. 28 U.S.C. § 1335(a); *see also* Wright and Miller § 1710.

■ In contrast, rule interpleader under *Rule* 22, Fed.R.Civ.P., "is merely a procedural device; it confers no jurisdiction on the federal courts." *Morango Band,* 858 F.2d at 1382. Thus, an interpleader action brought under *Rule* 22 must fall within one of the general statutory grants of federal jurisdiction. *Commercial Union Ins. Co. v. United States,* 999 F.2d 581, 584 (D.C.Cir.1993). This may, of course, include diversity jurisdiction under 28 U.S.C. § 1332. But "in contrast to section 1335, which focuses on the diversity of the claimant-defendants, Rule 22 (*per* section 1332) requires diversity between the *plaintiff-stakeholder* and the claimants." *Commercial Union Ins. Co.,* 999 F.2d at 584. Also, contrary to statutory interpleader actions, *Rule* 22 interpleader, when brought pursuant to diversity jurisdiction, requires an amount in controversy in excess of $50,000 exclusive of interest and costs. 28 U.S.C. § 1332.

■ The complaint alleges Defendants Rhonal I. White and Nolan L. White reside in Tennessee, Defendant Dorothy K. White is a resident of Belvidere, Illinois, and the remaining Defendants are West Virginia residents. General diversity therefore exists among the Defendants, as required by 28 U.S.C. § 1335. The insurance policies at issue are worth $50,000 and $32,500. As noted previously, 28 U.S.C. § 1335 requires that only $500 be in controversy. This case therefore meets the requirements of jurisdiction under 28 U.S.C. § 1335.

Defendant Dorothy K. White mistakenly argues should the Illinois court award her at least 50 percent of the proceeds from the insurance policies at issue, "there will be insufficient funds ($41,250) to qualify for federal diversity jurisdiction." Because the jurisdictional amount under 28 U.S.C. § 1335 is $500, the contention is erroneous.

Defendant Dorothy K. White contends as well under the "first filed rule," this Court should decline jurisdiction pending resolution of the Illinois divorce proceeding. Courts which follow the "first filed rule" have generally held where claims arise out of the same subject matter but are pursued in different courts, the court initially seized of the controversy should be the one to decide whether it will try the case. *See, e.g., Igloo Prod. Corp. v. Mounties, Inc.,* 735 F.Supp. 214, 217 (S.D.Tex.1990).

■ Defendant Dorothy K. White notes, however, in the case of concurrent jurisdiction of a state and federal case, the *Colorado River* doctrine applies. *See Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Federal courts have a "virtually unflagging obligation" to hear cases within federal jurisdiction. *Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246; *Clark v. Milam,* 813 F.Supp. 431, 433 (S.D.W.Va.1993) (Haden, C.J.). This Court recently discussed *Colorado River* abstention in *Clark:*

> *Colorado River* abstention is appropriate only where "parallel duplicative" state proceedings exist. Parallel suits exist where "substantially the same parties litigate substantially the same issues in different forums." Certain actions may encompass a similarity of claims and common events and not be totally duplicative.

*Clark,* 813 F.Supp. at 433.

■ The case at bar is separate and independent of the Illinois divorce proceeding. The parties and issues in the present case differ significantly from those in the divorce action. Accordingly, the Court concludes *Colorado River* abstention is inappropriate.