UNITED STATES of America, for the Use and Benefit of ARROW CONCRETE COMPANY, Plaintiff,

v.

OHIO FARMERS INSURANCE COMPANY, Defendant.

Civil Action No. 6:97–0677.

United States District Court, S.D. West Virginia, Parkersburg Division.

Oct. 16, 1997.

Robert W. Full and John M. Ellem, Goodwin & Goodwin, Parkersburg, WV, for Plaintiff.

James A. Varner and Harold M. Sklar, McNeer, Highland, McMunn & Varner, Clarksburg, WV, for Defendant.

*MEMORANDUM OPINION AND ORDER*

HADEN, Chief Judge.

Pending is Defendant's motion to dismiss, abstain, or hold in abeyance. For the reasons that follow, the Court **GRANTS** in part the motion.

## I. FACTUAL BACKGROUND

Plaintiff Arrow Concrete Company, the subcontractor, entered into an agreement to supply concrete to Lang Construction Company, the general contractor, for the construction of Elk Two Mile Creek Dam. Lang previously contracted to build the dam for the United States Department of Agriculture's National Resources Conservation Services (NRCS). Upon delivery, NRCS determined the concrete did not meet bid specifications and ordered Lang to demolish and replace the concrete it had poured. Lang alleges it incurred losses of approximately $100,000.00 due to the defective concrete, and, on October 24, 1996, instituted a civil action in the Circuit Court of Harrison County to recover damages for the subcontractor's alleged breach. Arrow counterclaimed for the unpaid price of the concrete ($6,197.70) it supplied Lang.

On June 30, 1997 Arrow instituted the instant civil action against Lang's surety, Ohio Farmers Insurance Company, which has not been made a party to the state court action. The Miller Act, 40 U.S.C. § 270a *et seq.*, requires private construction contractors performing work for the United States government to obtain a surety bond for contracts of $25,000.00 or more. 40 U.S.C. § 270a(a)(1); *Maddux Supply Co. v. St. Paul Fire & Marine Ins. Co.*, 86 F.3d 332, 334 (4th Cir.1996). An entity that has furnished labor or material for a project and has not been paid in full within 90 days after performance may bring suit on the payment bond. 40 U.S.C. § 270b(a); *Maddux Supply*, 86 F.3d at 334. The Act confers exclusive federal question jurisdiction for such actions in the

United States district courts to resolve such disputes. *Id.* § 270b(b).

## II. DISCUSSION

The surety moves the Court to dismiss, abstain, or stay the instant action pending resolution of the state court action.[1] The prevailing standard governing such relief was enunciated in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), and its progeny. The *Colorado River* abstention doctrine authorizes a district court, for reasons of wise judicial administration and in extraordinary and exceptional circumstances, to stay or dismiss a case where a duplicate or parallel state case is pending. *Id.* at 818, 96 S.Ct. at 1246–47; *McLaughlin v. United Va. Bank*, 955 F.2d 930, 934 (4th Cir.1992); *Aetna Life Ins. Co. v. Layton*, 836 F.Supp. 355, 357 (S.D.W.Va.1993) (Haden, C.J.) (citing *Clark v. Milam*, 813 F.Supp. 431, 433 (S.D.W.Va.1993)(Haden, C.J.)).

A court deciding whether abstention in favor of parallel state proceedings is appropriate may consider the following nonexclusive factors: (1) the preference accorded to the first court assuming jurisdiction over a *res;* (2) the relative inconvenience of the state and federal forums; (3) the need to avoid piecemeal litigation; (4) the relative order of the state and federal suits; (5) whether a federal question is presented in the case, and (6) whether either the state or the federal action "was a contrived, defensive reaction" to the other. *McLaughlin*, 955 F.2d at 934–35 (citing *Colorado River*, 424 U.S. at 818–19, 96 S.Ct. at 1246–47; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 17–18 n. 20, 23, 103 S.Ct. 927, 937–38 n. 20, 74 L.Ed.2d 765 (1983)).

Mindful of the breadth of discretion afforded the Court's decision and of the Supreme Court's admonition "that federal courts are not to use the various identified factors as a 'checklist,'" *McLaughlin*, 955 F.2d at 935 (citing *Moses H. Cone*, 460 U.S. at 16, 103 S.Ct. at 937), the Court finds factors *one,*

---

1. The surety argues what it calls the doctrine of priority of jurisdiction provides one ground for dismissal, and cites a treatise to that effect. Review of the treatise reveals the priority doctrine is effective in state, not federal courts. *Colorado River* abstention is the appropriate doctrine for the relief the surety seeks.

*two, five* and *six* are of little weight in the abstention inquiry in this case. Factor *four*, concerning priority, is particularly relevant given that the state court action was instituted last October, has steadily progressed, and is set for jury trial in March 1998, just five months from now. By contrast, Arrow instituted the present federal action on June 30, 1997. In response the Court has only recently issued its Scheduling Order establishing the deadlines leading to trial. *See Moses H. Cone,* 460 U.S. at 21, 103 S.Ct. at 940 (stating "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.") Factor *three,* the need to avoid piecemeal litigation, is likewise given substantial weight. By its own admission, Arrow filed the instant civil action not to litigate issues apart from those raised in state court, but, because federal courts exclusively entertain Miller Act actions against sureties, to "preserve its common law and statutory rights" to proceed against the surety under the Miller Act. Pl.'s Mem. Response at 7–8. Proceeding on to the preliminary stages of the federal case while the state litigation approaches trial would waste both the parties' time and expenditures and the resources of the respective fora.

Given these factors, stay of the instant case pending resolution of the state court action is the best course at this juncture. While the Court is aware of the limited application of the *Colorado River* doctrine, *Moses H. Cone,* 460 U.S. at 23–24, 103 S.Ct. at 941 (stating "federal courts may not abstain when there is identical, concurrent state litigation, except in truly exceptional cases."); *McLaughlin,* 955 F.2d at 934 (stating "the Supreme Court has held, over and over, as have we, that in the usual case the federal courts *must* hear the cases that fall within

their jurisdiction.") (emphasis in original)(citing *Colorado River,* 424 U.S. at 817–18, 96 S.Ct. at 1246–47) (stating the duty to hear cases within the federal jurisdiction is "virtually unflagging"), the Court nonetheless holds the exceptional circumstances presented here warrant invocation of *Colorado River* abstention. Accordingly, after considering all relevant factors, the Court **GRANTS** in part the motion and orders this civil action **STAYED** pending resolution of the related civil action pending in the Circuit Court of Harrison County. The Court further **ORDERS** the parties to report to the Court on the status of that litigation by April 1, 1998.[2]

---

**2.** The Court must make two final observations. First, in their memoranda on the motion, the parties spilled a great deal of ink on venue, statute of limitations and other issues not related to the instant motion. Because the issues were inapposite the Court will not discuss these issues in this Memorandum Opinion and Order.

Second, the Court is disturbed by the level of discourse in the parties' memoranda on the motion. The surety's counsel levels charges of bar-

ratry at Arrow's counsel, while, more disturbingly, Arrow's counsel characterizes his opponent's argument as "self-serving, conclusory drivel." Pl.'s Mem. Response at 4. Inappropriate references and *ad hominem* attacks do nothing to advance the litigation and come perilously close to exceeding the boundaries of vigorous advocacy. This Judge expects the best of counsel practicing before this Court. Professional civility should be the rule and not the exception.