**Phillip M. KABEALO, Plaintiff,**

v.

**Michael DAVIS, et al., Defendant.**

No. C2–93–618.

United States District Court,
S.D. Ohio, E.D.

Sept. 7, 1993.

David A. Ison, Powell, OH, for plaintiff.

Nick V. Cavalieri, Louis E. Gerber, Nancy Manougian, Arter & Hadden, Columbus, OH, for defendant Christopher L. White.

David R. Watkins, Thompson, Dunlap, Heydinger & MacDonald, Bellefontaine, OH, for defendant Donald F. Moorehead.

## OPINION AND ORDER

GRAHAM, District Judge.

This matter is before the court on plaintiff's motion to remand this case to the Court of Common Pleas of Franklin County, Ohio. Plaintiff argues that remand is appropriate under 28 U.S.C. § 1441(c) for the reason that state law matters predominate in this case.

The general provisions for the removal of actions from state court are contained in 28 U.S.C. § 1441. Under 28 U.S.C. § 1441(a), a defendant may remove any civil action over which the district court has original jurisdiction, unless removal is prohibited by some other specific statutory provision. Removal is permitted under 28 U.S.C. § 1441(b) where the case is a civil action "founded on a claim or right arising under the Constitution, treaties or laws of the United States" over which the district courts have original jurisdiction, or where the requirements of diversity jurisdiction have been met and none of the defendants is a citizen of the state in which the action was brought.

Plaintiff relies upon 28 U.S.C. § 1441(c), which provides:

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Plaintiff's original complaint was filed in the Franklin County, Ohio Court of Common Pleas on May 30, 1991. That complaint included state law claims of intentional interference with business and contractual relations, fraud, breach of fiduciary duty, breach of implied covenant of good faith, unconscio-

nable overreaching and negligent management. On June 7, 1993, plaintiff moved for leave to file an amended complaint, and defendants consented to the amendment. The amended complaint included a federal claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962 *et seq.*, and state law claims of engaging in a pattern of corrupt activity under Ohio Revised Code § 2923.32, breach of fiduciary duty, breach of contract and fraud. Defendants filed a notice of removal in this court on June 23, 1993.

In his motion to remand, plaintiff argues that the entire case should be remanded on the basis that the state law claims predominate the action. There is authority for the proposition that § 1441(c) authorizes remanding the entire case, including federal claims, to state court where state law issues substantially predominate the action as a whole. *See e.g., Moralez v. Meat Cutters Local 539*, 778 F.Supp. 368 (E.D.Mich.1991); *Alexander v. Goldome Credit Corp.*, 772 F.Supp. 1217 (M.D.Ala.1991); *Moore v. DeBiase*, 766 F.Supp. 1311 (D.N.J.1991); *Holland v. World Omni Leasing, Inc.*, 764 F.Supp. 1442 (N.D.Ala.1991). In *DeBiase*, 766 F.Supp. at 1320, the court relied on the 1990 amendment of § 1441(c). Previously, that section authorized a district court to remand "all matters not otherwise within its original jurisdiction." The court in *DeBiase* concluded that the deletion of this language and the substitution of "all matters in which State law predominates" gave district courts the power to remand even federal claims within their original jurisdiction if state law was found to predominate the claim or the action as a whole. *Id.*

A review of other authorities suggests that the above interpretation of § 1441(c) is overly broad. In *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 354–355, 108 S.Ct. 614, 621, 98 L.Ed.2d 720 (1988), the Supreme Court described § 1441(c) as follows:

In 28 U.S.C. § 1441(c), Congress dealt with the situation in which a claim that would be removable if sued upon alone is joined with one or more "separate and independent" claims that are not them-

selves removable. The section provides that the entire case may be removed and that the district court, in its discretion, may either adjudicate all claims in the suit or *remand the independently nonremovable claims* .... The section, however, clearly manifests a belief that when a court has discretionary jurisdiction over *a removed state-law claim* and the court chooses not to exercise its jurisdiction, remand is an appropriate alternative. (Emphasis supplied).

As stated by the court in *Torres v. Ortega*, Slip Op. No. 92 C 4504, 1993 WL 62998, p. 3 1993 U.S.Dist. LEXIS 2644, p. 10 (N.D.Ill. 1992) in denying a motion to remand under § 1441(c), "[n]othing in the language of § 1441(c) suggests a limit on the district court's ability to hear [a federal question case removed under § 1441(a)], which is based upon a separate and independent jurisdictional grant." On the other hand, § 1441(c) grants the district court only limited authority to remand a case. *Buchner v. F.D.I.C.*, 981 F.2d 816, 820 (5th Cir.1993). A district court exceeds its authority if it remands a case on grounds not expressly permitted by statute. *Id.* Federal question jurisdiction is not discretionary with the court. *Id.* In *Buchner*, the court construed § 1441(c) as allowing the district court "discretion to remand state law claims that were removed along with one or more federal claims." *Id.* at 819. The court went on to hold that the district court's subject matter jurisdiction over plaintiff's claims which arose under the laws of the United States was mandatory, and that the district court had no discretion to remand the federal claims which fell within the court's subject matter jurisdiction. *Id.* at 821.

■ This court concludes that the phrase "matters in which State law predominates" does not authorize the remand of claims arising under federal law which are properly removed and which fall within the district court's subject matter jurisdiction. The word "matters" is reasonably construed as meaning "claims." In the instant case, whether plaintiff establishes his RICO claim will be determined on the basis of the elements of a federal statute. Plaintiff's RICO

claim is not a matter in which state law predominates.

■ Even if it is assumed that § 1441(c) would authorize the remand of an entire case, including federal claims, plaintiff must establish that remand of this case would be appropriate under § 1441(c). That section provides for removal or remand only where the federal claims are "separate and independent" from the state law claims with which they are joined in the complaint. *Union Planters Nat'l Bank of Memphis v. CBS, Inc.*, 557 F.2d 84 (6th Cir.1977); *Clark v. Milam*, 813 F.Supp. 431 (S.D.W.Va.1993). Where there is a single injury to plaintiff for which relief is sought, arising from an interrelated series of events or transactions, there is no separate or independent claim or cause of action under § 1441(c). *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). The use of different counts to plead different legal theories or multiple theories of recovery does not automatically make those counts separate and independent. *Union Planters Nat'l Bank*, 557 F.2d at 89. Suits involving pendent state claims which "derive from a common nucleus of operative fact" under *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966) do not fall within the scope of § 1441(c), since pendent claims are not "separate and independent." *Cohill*, 484 U.S. at 354, 108 S.Ct. at 621. Courts have held § 1441(c) to be inapplicable where the federal claims are not separate and independent. *See e.g., Clark*, 813 F.Supp. at 434 (where RICO claims inextricably intertwined with state law claims, § 1441(c) does not apply); *Griffin v. Ford Consumer Finance Co.*, 812 F.Supp. 614 (W.D.N.C.1993). *See also, Mendelovitz v. Vosicky*, Slip Op. No. 93 C 937, 1993 WL 189913, 1993 U.S.Dist. LEXIS 7363 (N.D.Ill. 1993); *Di Loreto v. Di Loreto*, Slip Op. No. 90–8126, 1991 WL 137269 (E.D.Pa.1991) (RICO claims which arose from a common factual nucleus with state law claims not subject to remand under § 1441(c)).

In the present case, plaintiff relies on the same recitation of facts for all counts of the complaint, including the RICO count. The complaint and the description of the case

presented by counsel at the preliminary pretrial conference reveal that the RICO claim arises from the same series of events as the state law claims, that these claims are closely related, and that the evidence presented at trial would overlap significantly. These claims are not "separate and independent" under § 1441(c), and that section does not authorize remand.

■ The court notes that plaintiff did not allege in his motion to remand that there was any defect in the removal of the case from state court. His sole argument was that state matters predominated the case, warranting remand under § 1441(c). In his reply memorandum, plaintiff disputed defendants' contention that defendants were relying on § 1441(a) in removing the case, but he did not dispute that § 1441(a) could form a basis for removal of this action. Thus, plaintiff has not timely raised an issue concerning any defect in the removal proceedings. In any event, the court finds that the case was properly removed under both § 1441(a) and § 1441(b). The notice of removal, paragraph 4, asserts that the court has original jurisdiction pursuant to 28 U.S.C. § 1331, in that the RICO claim constitutes a civil action arising under the Constitution, laws or treaties of the United States. Section 1331 is the provision which grants federal question jurisdiction. This notice was sufficient to advise plaintiff that defendants were relying on federal question jurisdiction as a basis for removal, and the fact that the notice did not specify which subsection of § 1441 defendants were relying on does not mean that the notice was defective, particularly in light of the lack of any timely objection by plaintiff. *See* 28 U.S.C. § 1446(a); *Mendelovitz*, 1993 WL 189913, p. 2, 1993 U.S.Dist. LEXIS 7363, p. 5.

■ Claims arising under federal law, accompanied by pendent state claims, are removable under § 1441(a) and § 1441(b). The concept of pendent jurisdiction recognized in *Gibbs* has been codified in 28 U.S.C. § 1367 under the title of "Supplemental jurisdiction." That section contains no express language which would permit this court to decline to exercise jurisdiction over the federal RICO claim. The Supreme Court in *Tafflin*

*v. Levitt*, 493 U.S. 455, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990) did not authorize remand of federal claims, and simply held that state and federal courts have concurrent jurisdiction over RICO claims. The fact that federal and state courts have concurrent jurisdiction over RICO claims does not provide a basis for defeating defendants' right to remove the action to federal court. *Di Loreto*, 1991 WL 137269, p. 3 n. 3, citing *DiAntonio v. Pennsylvania State Univ.*, 455 F.Supp. 510 (M.D.Pa.1978). Further, despite this concurrent jurisdiction in RICO cases, "removability of such claims is important to insure the effectiveness of that federal statute as well as to prevent abuses of its provisions." *Gallagher v. Donald*, 803 F.Supp. 899 (S.D.N.Y. 1992).

This court is aware that other courts have concluded that 28 U.S.C. § 1367(c) authorizes remand of federal claims along with pendent state claims. *See e.g., Administaff, Inc. v. Kaster*, 799 F.Supp. 685 (W.D.Tex.1992); *Bodenner v. Graves*, 828 F.Supp. 516 (W.D.Mich.1993). This court disagrees with the reasoning in those cases. *Cohill* does not stand for the proposition that remand of a federal claim along with pendent state claims is permissible, since in *Cohill*, the federal claim had been dismissed by the time the court declined to hear the state claims. Likewise, there is nothing in the language of § 1367(c) which suggests this authority.

While § 1367 does not permit dismissal of federal claims, it does allow the court to decline to exercise supplemental jurisdiction over a state claim if the claim raises a novel or complex issue of state law or predominates over the federal claim, if all federal claims have been dismissed, or, in exceptional circumstances, if there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). However, none of these factors have been shown to apply in this case. The state law claims and the RICO claim are based upon the same series of events or circumstances. In particular, proof of plaintiff's claim under § 2923.32, the Ohio "RICO" statute, will be similar in many ways to the proof required for plaintiff's federal claim. These claims are sufficiently intertwined to make this an appropriate case for the exer-

cise of supplemental jurisdiction. See *Clark*, 813 F.Supp. at 434. At this point in the proceedings, remanding the state claims to the state court would result in a needless duplication of expense and judicial resources.

In accordance with the foregoing, the court will retain jurisdiction over the federal and state claims in this case, and plaintiff's motion to remand the case to state court is denied.