**Emma BURNETT, et al., Plaintiffs**

v.

**BIRMINGHAM BOARD OF EDUCATION, et al., Defendants.**

Civ. A. No. 94–AR–1542–S.

United States District Court, N.D. Alabama, Southern Division.

Aug. 15, 1994.

David A. Sullivan, Birmingham, AL, for plaintiffs.

Gaile Pugh Gratton and James C. Pennington, Lange Simpson Robinson & Somerville, Birmingham, AL, for defendants.

### MEMORANDUM OPINION

ACKER, District Judge.

Following defendants' removal of the above-entitled case from the Circuit Court of Jefferson County pursuant to 28 U.S.C. §§ 1331 and 1343, upon the allegation that a federal question under 42 U.S.C. § 1983 is presented, plaintiffs timely filed a motion to remand, invoking 28 U.S.C. § 1441(c) and asserting that because state law predominates the entire "matter" should be remanded.

Plaintiffs, Emma Burnett, et al., are employees of defendant, Birmingham Board of Education. Plaintiffs' state court complaint consisted of a petition for writ of mandamus seeking to force defendant Board and its superintendent, defendant Dr. Cleveland

Hammonds, to pay plaintiffs in accordance with the scale allegedly called for by their job classification. This was and is clearly a state law claim. They added a claim under state law for breach of contract. Then, they threw in, as the proverbial "kitchen sink," a count claiming that they were in some undescribed way deprived of the due process guaranteed them by the Constitution of Alabama and by the Constitution of the United States, in the latter instance invoking 42 U.S.C. § 1983 as the statutory vehicle for enforcement. The battle lines are drawn around whether or not 28 U.S.C. § 1441(c) permits a remand on these procedural facts.

■ Plaintiffs' motion does not complain of the failure of the notice of removal to contain a copy of the summons served on the Board. The absence of a copy of this "process" was a clear procedural defect under 28 U.S.C. § 1446(a) and one which would have been fatal if it had been raised by plaintiffs within the thirty (30) day period allowed by 28 U.S.C. § 1447(c). This defect has, however, been waived.

Plaintiffs understandably rely upon this very court's opinions in *Martin v. Drummond Coal Co., Inc.,* 756 F.Supp. 524 (N.D.Ala.1991), and *Holland v. World Omni Leasing, Inc.,* 764 F.Supp. 1442 (N.D.Ala. 1991). *Martin* was the very first decision to apply 28 U.S.C. § 1441(c) as amended by the Federal Courts Study Committee Implementation Act of 1990, to a federal question removal in which state law was claimed to predominate. *Holland,* which followed on the heals of *Martin,* simply elaborated on *Martin.* Defendants spend their time and energy attempting to explain why their case is different from *Martin* and *Holland.* Defendants have neither asked this court to revisit *Martin* and *Holland* in the light of subsequent cases, nor to find that in this case state law does not predominate. Instead, defendants have simply tried to convince this court that § 1441(c) cannot apply, and that this court has no right to exercise the discretion which would be afforded if § 1441(c) did apply. Defendants bet entirely on the one distinction between the instant case and *Martin* and *Holland* created by the fact that in both of those cases the only statutory peg

for removal was § 1331, whereas this removal was based *both* on § 1331 and on § 1343(a)(3) and (4). To refresh recollection, § 1441(c) provides:

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Also, to refresh recollection, § 1331 provides:

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

Emphasized by defendants to the exclusion of everything else is the fact that in their notice of removal they not only invoked § 1331 but also § 1343(a)(3) and (4), which provides:

(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

\*  \*  \*  \*  \*  \*

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

■ The core of defendants' argument is that § 1441(c) is only available if the removal was based *solely* upon § 1331, and therefore that § 1441(c) is not available here because this removal was based on another jurisdictional statute, namely, § 1343, as well as upon § 1331. The court has an answer to defendants' contention. The first, last and best answer is that *defendants did, in fact, invoke § 1331,* and properly so, bringing themselves clearly within the ambit of

§ 1441(c). Using the language of § 1441(c), "jurisdiction [was] conferred [on this court] by section 1331." Plaintiffs' invocation of the Fourteenth Amendment and § 1983 contained the essential elements for stating a civil cause of action arising under the Constitution and the laws of the United States. This is true even if original jurisdiction was redundantly conferred on this court by § 1343(a)(3) and/or (4). Employing the routinely accepted proposition that removal statutes are always to be construed against removal, the language of § 1441(c) cannot be interpreted to recognize an exception for all state cases which simply contain a claim invoking 42 U.S.C. § 1983 as to which state courts have concurrent jurisdiction. Original federal court access may be available under § 1343(a)(3) and/or (4), when § 1983 is relied upon by the plaintiff, but access to a federal court is just as available under § 1331, as proven by defendants' reliance upon both. Defendants have not presented any authority standing for the intriguing proposition upon which they here depend. The nearest case on point is *Administaff, Inc. v. Kaster*, 799 F.Supp. 685 (W.D.Tex.1992), in which the district court was considering a case that had been removed, as was the instant case, both under 28 U.S.C. §§ 1331 and 1343. Because the *Administaff* court expressed no opinion on the dual reliance on §§ 1331 and 1343, perhaps because the case was remanded not under § 1441(c) but on the general principle "that remand is proper when state law claims predominate in actions involving pendent jurisdiction" (799 F.Supp. at 689 n. 9), there is no real lesson for this court in *Administaff*. Fortunately, this court is not being called upon to rule upon a motion to remand a case removed under § 1441(a) but invoking only § 1343(a) for the existence of original federal jurisdiction. It would be an interesting *dictum* to speak to such an hypothetical situation, but this court resists the temptation to express its thoughts on a non-issue.

Although defendants do not ask this court to rethink *Martin* and/or *Holland*, the fact is that not every court has followed *Martin* and *Holland*. There may be pertinent decisions in agreement with *Martin* and *Holland* decided after *Martin*, and not found by this court, but there are at least the following five:

1. *Moore v. DeBiase*, 766 F.Supp. 1311 (D.N.J.1991), wherein the court held:

Under section 1441(c), a district court has the discretion to remand any matter in which state law predominates. A district court, in exercising that discretion, must bear in mind that removal statutes are to be strictly construed against removal.

776 F.Supp. at 1322 (citation omitted).

2. *Alexander v. Goldome Credit Corp.*, 772 F.Supp. 1217 (M.D.Ala.1991), wherein the court held:

The clear trend among the few jurisdictions that have considered this question, however, is that the amended remand clause of § 1441(c) now allows for a remand of the entire case, federal claim included, where "state law predominates."

772 F.Supp. at 1224.

3. *Moralez v. Meat Cutters Local 539*, 778 F.Supp. 368 (E.D.Mich.1991), wherein the court held:

The subdivision ... now provides that federal courts "may remand all matters in which state law predominates." 28 U.S.C. § 1441(c). Several courts and the Commentary to 28 U.S.C. § 1441(c) suggest that the amendment confers considerable discretion on such courts to "remand ... the whole case, with the federal claim[s] included," where state law claims are found to predominate. [Citing *Martin, Holland, Moore* and *Alexander*].

778 F.Supp. at 370.

4. *Lang v. American Electric Power Co., Inc.*, 785 F.Supp. 1331 (N.D.Ind.1992), wherein the court held:

This court agrees with the interpretation provided by the *Martin* court. Additionally, this court is mindful of the long-standing practice of construing removal statutes narrowly.

785 F.Supp. at 1335.

5. *Bodenner v. Graves*, 828 F.Supp. 516 (W.D.Mich.1993), wherein the court held:

Under § 1441(c), the Court found numerous cases allowing for a dismissal [remand] of the entire case when state law

issues predominate. [Citing *Martin, Holland, Moore* and *Moralez* ].

828 F.Supp. at 519.

Four cases which arguably quarrel with *Martin* and *Holland* are:

1. *Administaff, Inc. v. Kaster, supra,* wherein the court held that § 1441(c) does not allow for the removal or remand unless the federal claim is "separate and independent" from the state claim or claims and defines "separate and independent" as not arising out of a common nucleus of operative facts. As noted above, the *Administaff* court went on to remand the case even though it found that "plaintiff will be required to prove the same evidence for all of its claims." 799 F.Supp. at 688. This court is somewhat confused by *Administaff* but points out that in order to prove a deprivation of "due process," whether guaranteed by the state or federal constitution, plaintiffs in the instant case will have to offer evidence somewhat different from the evidence by which they must undertake to prove breach of contract.

2. *Texas Hospital Ass'n v. National Heritage Ins. Co.,* 802 F.Supp. 1507 (W.D.Tex. 1992), wherein the court held that a case was erroneously removed by an invocation of § 1441(c), because the federal and state claims were not "separate and independent." The court allowed a belated invocation of § 1441(a) and (b) by defendants because plaintiff's motion to remand had not pointed out the procedural defect within the 30 days allowed by § 1447(c). What the court would have done if plaintiffs had timely pointed out the said defect is a matter of conjecture.

3. *Clark v. Milam,* 813 F.Supp. 431 (S.D.W.Va.1993), wherein the court found no "separate and independent" federal claim joined with a state claim and refused to remand under § 1441(c).

4. *Kabealo v. Davis,* 829 F.Supp. 923 (S.D.Ohio 1993), wherein the court clearly rejected *Moore, Holland, Moralez* and *Alexander* as representing an "overly broad" interpretation of § 1441(c) and held that the word "matter" should not be construed to include the whole case. This court respectfully disagrees with the *Kabealo* court.

## Conclusion

After oral argument defendants did finally get around in a letter memo to arguing that § 1441(c) "was not intended to have any application to federal question claims to which *pendent* state law claims have been attached, and which are properly removed under 28 U.S.C. § 1441(a) and (b)," or, in other words, that § 1441(c) "addresses only the removal of 'completely unrelated' state law claims that are not within the pendent jurisdiction of the court." This is as close as defendants come to challenging *Martin* and *Holland* or to joining *Kabealo*. The instant case is more like a federal claim tacked onto a state claim than *vice versa*. This court does not find a nucleus of operative fact common to the state and federal claims in the instant case. The state law claims are not pendent to the federal claim but are dominant, so that the *Kabealo* rationale, even if correct, does not apply.

If defendants had asked this court to reconsider *Martin* and *Holland* in light of subsequent decisions, this court would have done what it has done.