**Peter PALIVOS, Plaintiff,**

v.

**CITY OF CHICAGO, a municipal corporation, Richard Daley, as Chief Executor and Mayor, and Alderman Joseph Moore, Defendants.**

**No. 95 C 4385.**

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 17, 1995.

---

Robert L. Sklodowski, Sklodowski, Franklin, Puchalski & Reimer, Chicago, IL, for plaintiff.

Edward J. Kus, City of Chicago, Law Department, Corporation Counsel, Chicago, IL, Gail A. Niemann, Susan Haerr Zucker, City of Chicago, Law Department, Corporation Counsel, Chicago, IL, Susan S. Sher, City of Chicago, Law Department, Chicago, IL, for defendants.

## MEMORANDUM OPINION
## AND ORDER

ASPEN, Chief Judge:

Plaintiff Peter Palivos brings this three count action against defendants City of Chicago, Mayor Richard Daley, and Alderman Joseph Moore. In a nutshell, plaintiff's complaint alleges that defendants have arbitrarily refused to issue plaintiff a building permit, although he has complied with all of the relevant requirements of the City of Chicago Building Code and received the approval of the City of Chicago Building Department. Palivos includes a request for a writ of mandamus directing defendants to issue the building permit (Count I), a claim for a declaratory judgment that Palivos is entitled to construct and renovate the subject property (Count II), and a claim against Moore under 42 U.S.C. § 1983 (Count III). Plaintiff filed this action in the Circuit Court of Cook County, and defendants timely removed, citing 28 U.S.C. § 1441(b).[1] Presently before the court is Palivos' motion to remand the entire case to state court.

In support of his motion, plaintiff relies upon 28 U.S.C. § 1441(c), which provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c). Palivos asserts that his state law claims (i.e., Counts I and II) predominate, and that we should therefore remand the action. However, the purported predominance of state law is only half the battle for Palivos; he must also demonstrate the existence of a "separate and independent

---

1. Defendants also assert that they could have removed based upon 28 U.S.C. § 1441(a). As discussed further below, however, this distinction does not affect the outcome of plaintiff's current motion.

claim." As the Supreme Court noted in *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951), "where there is a single wrong to plaintiff for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." In the present case, the crux of plaintiff's complaint is that defendants have failed to issue the requested permit. The only material difference between the various counts is the legal theory under which each claim is brought. Indeed, the first twenty-two paragraphs of the twenty-eight paragraph complaint apply equally to each count; the additional allegations in the § 1983 count merely identify Alderman Moore as the individual who has "placed a hold" on the issuance of the permit, and state his alleged reasons for doing so. Under these circumstances, we simply cannot conclude that the counts grounded in state law are "separate and independent." *See, e.g., Kabealo v. Davis*, 829 F.Supp. 923, 926–27 (S.D.Ohio 1993).[2] Accordingly, § 1441(c) is not implicated, and plaintiff's request for a remand under that section must be denied.

▪ That is not to say, however, that remand is not appropriate in this case. Defendants were able to remove this action because of the § 1983 claim in Count III; Counts I and II came along based upon supplemental jurisdiction. Whether to exercise supplemental jurisdiction, however, is within the discretion of the district court. 28 U.S.C. § 1367 provides, in relevant part:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> . . . .
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction. . . .

28 U.S.C. § 1367(c). We believe that the test of § 1367(c)(2) is met here. It is clear from the above discussion that the focus of plaintiff's complaint is the City's refusal to issue a building permit; Palivos maintains that once the various requirements have been satisfied, the City is without discretion to refuse to issue the requested permit. Whether this is so is purely a matter of state (or rather, local) law, and is therefore more properly entrusted to state courts. *Cf. Railroad Comm'n of Texas v. Pullman*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). Furthermore, resolution of these primary issues will have a significant impact on Palivos' § 1983 claim. Although plaintiff does not identify the substantive basis for that claim, it appears that he is alleging that he is being deprived of his property interest in a permit to which he is entitled, contrary to law. However, whether Palivos actually has a property interest in the permit (*i.e.*, whether he is entitled to a permit once he has submitted a plan that meets city specifications accompanied by the requisite fee) for constitutional due process purposes is an issue of state law. *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972) ("Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law. . . ."). In other words, the viability of Palivos' § 1983 claim, at least as we understand it, is largely dependent upon the resolution of Counts I and II. In light of these facts, it is clear that the supplemental claims (*i.e.*, Counts I and II) "substantially predominate[ ]" over the federal claim. 28 U.S.C. § 1367(c)(2). Accordingly, we decline to exercise supplemental jurisdiction over Counts I and II, and remand those counts to the Circuit Court of Cook County. *See Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614, 622–23, 98 L.Ed.2d 720 (1988) (holding that a district court may remand, rather than dismiss, removed supplemental

---

**2.** The only case relied upon by plaintiff in seeking remand, *Burnett v. Birmingham Bd. of Educ.*, 861 F.Supp. 1036 (N.D.Ala.1994), is clearly inapposite. The court expressly stated that it "[did] not find a nucleus of operative fact common to the state and federal claims" in the case. *Id.* at 1039 (emphasis added). Because the opposite is true here, *Burnett* is of limited, if any, value.

claims over which it has declined jurisdiction).[3] It is so ordered.

---

**3.** We note that some courts have held that remanding of the *entire* case is appropriate under § 1367(c)(2), notwithstanding the pendency of one or more federal claims. *See, e.g., Administaff, Inc. v. Kaster,* 799 F.Supp. 685, 689–90 (W.D.Tex.1992) (collecting cases). We believe that *Kaster* misreads the holding of *Cohill,* and that nothing in the language of either *Cohill* or § 1367(c) authorizes such a result. *See Kabealo v. Davis,* 829 F.Supp. 923, 927 (S.D.Ohio 1993) (disagreeing with *Kaster*). In any event, the principles of judicial economy which the *Kaster* court relied upon in remanding the entire case are not endangered in the present action. Palivos claims that he needs and could get an immediate ruling on Counts I and II from the state court. As discussed above, such a ruling would directly impact the future of his § 1983 claim, and would likely be entitled to preclusive effect in this court.