**John ROE, Plaintiff,**

v.

**CITY OF MILWAUKEE, Defendants.**

No. 98–C–462.

United States District Court,
E.D. Wisconsin.

Feb. 23, 1999.

Mary M. Gundrum, Legal Aid Society of Wisconsin, Milwaukee, WI, for plaintiff.

Susan E. Lappen, Assistant City Attorney, Milwaukee, WI, for defendant.

DECISION and ORDER

MYRON L. GORDON, District Judge.

This civil rights action under 42 U.S.C. § 1983, was originally filed by the plaintiff in the circuit court for Milwaukee County on April 30, 1998. The complaint named the city of Milwaukee, ["the City"], Officer Wawryzmiakowski, and "Other Unnamed Police Officers." On May 20, 1998, the defendants removed the action to federal court pursuant to 28 U.S.C. § 1441(a) and (b). By order of November 2, 1998, I dismissed the federal claims against the individual defendants and remanded all of the state law claims to state court. *Roe v. City of Milwaukee*, 26 F.Supp.2d 1119

(E.D.Wis.1998). Thus, the only claims that remain in this case are the federal claims against the City.

Presently before the court are the following motions: (1) the plaintiff's "Motion to Proceed Anonymously and for a Protective Order"; and (2) the plaintiff's "Motion to Seal Certificate of Interest." The first motion will be granted in part and denied in part, and the later motion will be granted.

## I. FACTUAL BACKGROUND

A brief summary of the underlying facts of this case, as alleged in the complaint, will be helpful in order to resolve the plaintiff's motions. At 11:30 p.m. on May 6, 1997, the plaintiff was arrested by Milwaukee police officers. He was observed by those officers to have a cut on his right hand, and, as a result, paramedics were called to the scene by the arresting officers to administer medical care. The plaintiff then informed the paramedics that he was HIV-positive.

After he received medical treatment for his hand, the plaintiff was transported to the fourth district police station in Milwaukee at which time he was "immediately placed in the custody and control of employees and officers of the MPD [Milwaukee police department], including named individual defendant, Officer Wawrzymiakowski, who is listed on the shift roster as the booking officer and other unnamed/unknown MPD officers and employees." (Complaint ¶ 13.) During the booking process, the plaintiff told the booking officer that he was HIV-positive.

After he was placed in his holding cell, "the officer who booked [him] taped a pink piece of paper with black bold writing on his cell door which said 'HIV POSITIVE INMATE'." (Complaint ¶ 15.) When he asked the booking officer why it was there, she said that it was "a reminder to sanitize the cell after the plaintiff left and before another inmate occupied the cell." (Complaint ¶ 16.) Upon his request, the booking officer removed the sign from the cell door. The sign had allegedly been taped to his cell door for three hours. According to the plaintiff, "[d]uring the time that the sign was displayed, it could be seen by any officer or visitor at the station and by any of the at least five other inmates in custody in other cells at the time." (Complaint ¶ 18.)

Thereafter, the plaintiff commenced the instant lawsuit which alleges the following claims against the City:

(2) the City's failure to train, supervise and enforce lawful policies regarding disclosures concerning the plaintiff's HIV status deprived the plaintiff of his rights to privacy, liberty, due process and equal protection in violation of the Ninth and Fourteenth Amendment of the United States Constitution;

(4) the "City's failure to train, supervise and enforce lawful policies regarding such disclosures violated the plaintiff's right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution." (Complaint ¶ 26.)

## II. LAW AND ANALYSIS

The plaintiff asks this court to permit him to proceed anonymously in this case, using the pseudonym John Doe, in place of his true name and to seal the certificate of interest that was filed in this action because it contains the plaintiff's true name. In addition, the plaintiff seeks a protective order directing the City to obtain the original and all known copies of the plaintiff's "Notice of Claim," which he filed in accordance with Wis.Stats. § 893.80(1), and to file them with this court under seal. The defendant has no objection to the plaintiff's request that the certificate of interest be sealed or that the plaintiff be allowed to proceed anonymously. However, the defendant objects to the plaintiff's application for a protective order because the notice of claim is a public record such that sealing that document would violate Wisconsin's Public Records Law and cause distortion of the city's liability records.

According to the court of appeals for the seventh circuit,

the privilege of suing or defending under a fictitious name should not be granted automatically even if the opposing party does not object. The use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts.

*Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). The appellate court has recently renewed its criticism of the "overuse of pseudonyms in federal litigation" pointing to the principle that the "public has a right to know who is utilizing the federal courts that its tax dollars support." *Coe v. County of Cook*, 162 F.3d 491, 498 (7th Cir. 1998).

■ There are limited exceptions to the general rule that parties participating in federal litigation must use their real names. For instance, fictitious names are permitted when necessary to protect the privacy of children, rape victims and other particularly vulnerable parties. *See Doe v. Blue Cross & Blue Shield*, 112 F.3d at 872. The court of appeals has cautioned that such situations are rare, and the fact that a case involves a medical issue or a situation which the plaintiff finds embarrassing, without more, are not sufficient reasons for allowing the use of a fictitious name. *See Coe v. County of Cook*, 162 F.3d at 498 (plaintiff's embarrassment about having impregnated a woman to whom he was not married was not a compelling reason for waiver of the general rule that parties to federal litigation must litigate under their real names); *Doe v. Blue Cross & Blue Shield*, 112 F.3d at 872 (fact that the plaintiff suffered from a psychiatric disorder—obsessive compulsive syndrome—not a sufficient reason for allowing the use of a fictitious name).

■ In the instant case, the plaintiff argues that he should be allowed to proceed under a pseudonym because he is concerned that the litigation may result in the disclosure of his HIV-positive status. He contends that such disclosure would result in additional personal embarrassment, ostracism, harassment and perhaps, discrimination. In his affidavit, the plaintiff states that he has maintained confidentiality of his HIV-positive status and that only limited family, friends and medical personnel are aware of his medical condition.

In my opinion, the plaintiff's HIV-positive status is a compelling reason for allowing him to proceed under a pseudonym. I believe that in modern society one's HIV-positive status, unlike most other medical conditions, is still considered a stigma. The plaintiff's HIV-positive status cannot be viewed as a "common disorder" such that disclosure can be viewed as inconsequential. *Cf. Doe v. Blue Cross & Blue Shield*, 112 F.3d at 872. For these reasons, I believe that the requisite "exceptional circumstances" exist which justify a departure from the normal method of proceeding in federal court. Therefore, the plaintiff's motion to proceed anonymously and to seal his certificate of interest will be granted.

■ Notwithstanding the fact that the plaintiff will be allowed to proceed under a pseudonym, I do not believe that he is entitled to the protective order he requests in this case. The plaintiff asks the court to order the City to produce the original and all copies of the notice of claim he filed so that those documents may be placed under seal. The plaintiff cites no authority, nor much argument, in support for this application.

The defendant contends that the notice of claim filed by the plaintiff is a public record under Wisconsin's Public Records Law, Wis.Stats. § 19.21, such that it is to be "safely kept and preserved" by the custodian—the City. Further, under Wis. Stats. § 19.35(1), the City, as the custodian, is obligated to permit any requestor to view and copy the record. The City maintains that it has a general interest in objecting to the protective order requested

by the plaintiff because, if such procedure becomes commonplace, the City would be in a position where its records concerning potential liability will be inaccurate.

While the reasons offered by the City against the protective order are primarily administrative, the plaintiff has offered no compelling reason justifying a court order which contradicts the state's public record's law or disrupts the City's liability records. Indeed, the plaintiff does not even challenge the concerns raised by the City. While the notice of claim is considered a public document, copies are only provided to the public upon request and the plaintiff has not pointed to any evidence to suggest that such requests would, in fact, be made. Should the defendant wish to use a copy of the notice of claim in this case, such document can then be filed under seal in order to protect the plaintiff's privacy rights. Accordingly, the plaintiff's motion for a protective order will be denied.

Therefore, IT IS ORDERED that the plaintiff's "Motion for Leave to Proceed Anonymously and for a Protective Order" be and hereby is: (1) granted to the extent that the plaintiff will be allowed to proceed anonymously; and (2) denied to the extent that it seeks a protective order.

IT IS ALSO ORDERED that the plaintiff's "Motion to Seal Certificate of Interest" be and hereby is granted.

IT IS FURTHER ORDERED that the parties bear their own costs in connection with these motions.